HOSIE *v.* MAXWELL, WARDEN.

(No. 39201—Decided April 28, 1965.)

*Mr. John Wallace Hosie, in propria persona.*

*Mr. William B. Saxbe,* attorney general, and *Mr. William C. Baird,* for respondent.

*Per Curiam.* In his petition, petitioner alleges that he requested and was denied counsel at his preliminary hearing, and that the court entered a plea of not guilty for him and bound him over to the grand jury.

Petitioner alleges further that he was not informed of the date of his trial, that he was not afforded the right to call witnesses, that he was not represented by counsel, and that he was not allowed to challenge the jury. Petitioner, during his hearing herein, refused to participate.

To controvert petitioner's contentions, the respondent called as witnesses the trial judge and the foreman of the jury before which petitioner was tried. The trial judge, who is presently a judge of the Court of Appeals, testified that he had no independent recollection of the trial, but that he had a set pattern which he had followed in criminal cases, and that to his knowledge he had never failed to tell an accused of his right to counsel. The judge, to substantiate his recollection, had gone

to the trouble of making a long-distance call to his ex-bailiff in another state who confirmed the judge's recollection.

The foreman of the jury specifically remembered the case because it involved the destruction of a television set. The foreman testified that not only did the judge tell petitioner that he had a right to counsel, but that he told petitioner that he, the judge, thought petitioner ought to have counsel. The witness testified further that petitioner insisted on trying his own case, and that petitioner did in fact examine the witnesses. The witness testified also that petitioner's refusal of counsel and the fact that he insisted on trying his own case upset the judge.

In view of the evidence introduced by respondent, it cannot be said that petitioner was in any way deprived of his right to counsel.

Petitioner's contention that he requested and was denied counsel at his preliminary hearing is without merit. All we have to support petitioner's claim is the bare allegation of the fact in his petition and brief. Petitioner refused to make any statement during the hearing. In view of the fact that petitioner refused the assistance of counsel at his trial, it is improbable that he requested counsel at his preliminary hearing.

Petitioner's other contentions relate to the conduct of his trial and are questions which must be raised by appeal, not habeas corpus.

*Petitioner remanded to custody.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, O'NEILL, HERBERT and BROWN, JJ., concur.